Nos. 25-1049 & 25-1272

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

and

OCCIDENTAL CHEMICAL CORP.,
*Intervenor/Appellant*,

NOKIA OF AMERICA CORP.,
*Intervenor/Appellant*,

v.

ALDEN LEEDS INC, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the
District of New Jersey
No. 2:22-cv-07326 (Hon. Madeline Cox Arleo)

**APPELLEE THE UNITED STATES'
MOTION FOR A 60-DAY ABEYANCE AND
STAY OF THE BRIEFING DEADLINES**

Pursuant to Fed. R. App. P. 26(b) and Fed. R. App. P. 27, Appellee the United States moves for a 60-day abeyance and stay of the briefing schedule. This request would postpone the deadlines for all briefs 60 days and effectively extend

1

the deadline for the Opening Briefs of Appellants Occidental Chemical Corp. and Nokia of America Corp. (Appellants), which are currently due to Court on July 7, 2025. If the Court grants the abeyance, the Opening Briefs would be due on September 5, 2025. Both Appellants consent to this motion and some of the Appellees do not object to the motion, but some of the Appellees oppose the motion and at least some Appellees intend to file an opposition or other response: the parties' positions are detailed *infra* at ¶ 4. As explained below, there is good cause for an abeyance and stay of the briefing schedule because the United States needs additional time for officials in the new Administration to evaluate the federal policies and decisions at issue and to consider how best to proceed in this complex and significant litigation.

    1.    The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997) (court has "power to control its own docket"); *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 382 (1935) (explaining that a court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"). To the extent this motion is construed

to request a 60-day extension of the Opening Briefs,[1] this Court may extend the time for "good cause" under Fed. R. App. P. 26(b).

2.     Appellants appeal from the district court's order entering a consent decree resolving certain claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), concerning two operable units of the Diamond Alkali Superfund Site. The case arises from events which span multiple decades of history and then subsequent decades of ongoing environmental response work. Appellants have identified multiple issues on appeal, including important and complex statutory questions regarding CERCLA.

3.     The United States respectfully submits that good cause supports a 60-day abeyance and stay of the briefing schedule. The United States needs additional time to allow officials within the federal government to evaluate the federal policies and decisions at issue. The United States specifically seeks additional time to explore its options for pursuing a resolution of the issues presented in this matter before briefing begins—parties' positions often harden after briefs are filed.

---

[1] To be sure, this Court has already granted Appellants two extensions on their Opening Briefs totaling 62 days, and the Court's last order granting the second extension stated: "Counsel is advised that extensions of time are generally disfavored. Any further requests for extension of time will be presented to the Court and should be based on exceptional circumstances." The United States would submit that exceptional circumstances warrant an extension here for the reasons given herein.

The United States submits that an abeyance and stay of the briefing to allow it to consider various options could conserve the parties' and judicial resources. Discussions within the federal government are now ongoing and will require significant consultation with the other parties. The United States needs additional time to avoid hasty decision-making on the policy issues presented in this case.

    4.    On July 2, 2025, counsel for the United States emailed the counsel for Appellants and the other Appellees participating in the appeals requesting their positions on this motion. At the time of filing, counsel had received the following responses:

    a.    Both Appellants Occidental Chemical Corp. and Nokia of America Corp. consent to this motion.

    b.    Appellees KAO USA Inc., Fiske Brothers Refining, Newark Morning Ledger, and E.M. Sergeant do not object to the motion.

    c.    Appellee Sherwin-Williams takes no position on the motion.

    d.    Appellees the SPG Settling Parties object to the motion and plan to file an opposition. The Small Parties Group (SPG) includes many parties. *See* Entry of Appearance, Jeffrey D. Talbert, 3rd Cir. No. 25-1049, Dkt. ECF No. 24 (entry of appearance for SPG).

    e.    Appellees the DPC settling parties also object to this motion. *See* Entry of Appearance, Jamie P. Clare, 3rd Cir. No. 25-1049, Dkt. ECF

No. 75 (entry of appearance for DiLorenzo Properties Co./DPC Settling Parties).

    f.    Appellees Passaic Valley Sewerage Commissioners and Messer LLC did not yet take a position on the motion but expressly reserve the right to respond and present their positions on the motion.

## CONCLUSION

For these reasons, the United States respectfully requests a 60-day abeyance and stay of the briefing deadlines.

        Respectfully submitted,

        s/ Robert P. Stockman
        ADAM R.F. GUSTAFSON
        *Acting Assistant Attorney General*

        ROBERT P. STOCKMAN
        *Attorney*
        Environment and Natural Resources Division
        U.S. Department of Justice
        Post Office Box 7415
        Washington, D.C. 20044
        (202) 353-3527
        Robert.Stockman@usdoj.gov

July 3, 2025

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this motion contains 821 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because the motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Robert P. Stockman

July 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that July 3, 2025, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Robert P. Stockman