Nos. 25-1049 & 25-1272

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

and

OCCIDENTAL CHEMICAL CORP.,
*Intervenor/Appellant*,

NOKIA OF AMERICA CORP.,
*Intervenor/Appellant*,

v.

ALDEN LEEDS INC, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the
District of New Jersey
No. 2:22-cv-07326 (Hon. Madeline Cox Arleo)

**APPELLEE THE UNITED STATES'
UNCONTESTED MOTION FOR LEAVE TO FILE THE UNITED STATES'
PROOF ANSWERING BRIEF OUT OF TIME**

On October 30, 2025, this Court ordered counsel for the United States, Robert P. Stockman, to file a motion for leave to file out of time for the Proof Answering Brief filed on October 27, 2025. Counsel files this motion respectfully

1

requesting leave to file the Proof Answering Brief out of time pursuant to Fed. R. App. P. 26(b). This Court should grant the motion for the reasons articulated below. Counsel emailed the counsel for the other parties to this action asking for their positions, and no party opposes this motion.

First, this Court had set a deadline for appellees to file answering briefs on October 27, 2025, by 5:00 p.m. Counsel was aware of this deadline, and counsel worked diligently to try to meet the deadline. Counsel had prepared and scanned a PDF of the Proof Answering Brief, and counsel began attempting to file that final PDF around 4:40 p.m. Unfortunately, while counsel had no trouble accessing ECF or finding the correct entries (and had ensured he could do so earlier in the day), the ECF system repeatedly stated that these specific appeals were "locked" and would not allow counsel to file. Counsel persisted in attempting to file the Proof Answering Brief but repeatedly received such "locked" messages. Counsel succeeded in accessing the appeals and filing the brief at 5:26 p.m. on October 27, 2025.

When counsel kept receiving "locked" results, counsel emailed this Circuit's ECF Help Desk at 4:46 p.m., but he did not receive a response until the next day. Counsel also attempted to call the Clerk's Office but did not manage to reach a person. Based on this experience and the response counsel received the next morning from the ECF Help Desk, the "locked" error may have been a result of

2

other parties filing documents in the appeals. Attach. 1. The ECF Help Desk informed counsel: "Please try again if you haven't done so already, you should be good to go, thank you." Attach. 1. At that point, counsel had already filed the Proof Answering Brief the evening before, so counsel erroneously believed no further action was required.

These appeals involve many parties, so in the future, counsel will endeavor to file well before the 5:00 p.m. deadline to the extent possible. Counsel has not encountered this problem with ECF systems in the other Circuit Courts of Appeals and did not anticipate that this Court's ECF system would be unable to accept filings close to the deadline due to multiple parties attempting to file. This Court's local rules provide that "[a] Filing User whose filing is untimely as the result of a technical failure may seek appropriate relief from the court." L.A.R. 113.11. Relief would be appropriate here since the delay was due to an unforeseen technical failure.

Second, the Court had set a deadline for answering briefs as October 27, 2025. But this Court has also issued a statement that, due to the absence of an appropriation or continuing resolution, "[d]eadlines in non-expedited civil cases for federal government attorneys that expire during the duration of the lapse in funding will be tolled." *See* Information Regarding Court Operations for the Court of Appeals for the Third Circuit,

3

https://www.ca3.uscourts.gov/sites/ca3/files/Shut_Down_2025.pdf.  Under the text of that order, the United States' deadline was tolled and thus the brief was not untimely; counsel is a "federal government attorney," and this is a "non-expedited civil case."  Because of the nature of this suit, counsel for the United States could continue to work on the appeals.  Thus, out of an abundance of caution and desire to avoid any undue delay, counsel endeavored to meet the deadline.  Nonetheless, the Court should not strike a brief for failing to meet a deadline that the Court had tolled.

    Third, while counsel takes deadlines very seriously, the 26-minute delay in filing the Proof Answering Brief should not prejudice the Appellants in preparing their reply briefs or the Court in its timely consideration of the appeals.  The case is not expedited, and counsel is unaware of any harm that could result from this short delay.

    In summary, counsel has done his best to exercise diligence in this matter and to file the brief electronically in a timely fashion.  Counsel's failure to meet the 5:00 p.m. deadline was due to a technical failure with the Court's ECF system being unwilling to accept the filing, and counsel filed the Proof Answering Brief as soon as the ECF system was willing to accept it.  This motion for leave to file out of time should therefore be granted, and counsel respectfully requests that relief.

        Respectfully submitted,

        s/ Robert P. Stockman
        ADAM R.F. GUSTAFSON
        *Acting Assistant Attorney General*

        ROBERT P. STOCKMAN
        *Attorney*
        Environment and Natural Resources Division
        U.S. Department of Justice
        Post Office Box 7415
        Washington, D.C. 20044
        (202) 532-3275
        Robert.Stockman@usdoj.gov

November 3, 2025

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this motion contains 762 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because the motion has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

/s/ Robert P. Stockman

November 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that November 3, 2025, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Robert P. Stockman